**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Essa Waggeh,<br><br>                                    **Petitioner,**<br><br>              -against-<br><br>Utility Workers Union of America Local 1-2, et al.,<br><br>                                    **Defendants.** | **1:25-cv-10258 (VSB) (SDA)**<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE VERNON S. BRODERICK, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is a motion by Petitioner Essa Waggeh ("Petitioner" or "Waggeh"), pursuant to 28 U.S.C. § 1447(c), for an Order remanding this action to the Supreme Court of the State of New York, County of New York ("New York Supreme Court"), from where it was removed. (Pet.'s Not. of Mot., ECF No. 13.) For the following reasons, it is respectfully recommended that Petitioner's motion be DENIED.

## BACKGROUND

Prior to February 7, 2024, Waggeh was employed by ConEd as a gas trouble shooter for about nine years under the 2024-2028 Collective Bargaining Agreement between ConEd and Utility Workers Union of America Local 1-2 (the "Union") (the "CBA").[1] (*See* Verified Pet., Not. Removal Ex. A ("State Pet."), ECF No. 1-1, ¶ 6.) Her former place of employment was in New York

---

[1] The CBA is included as part of ECF No. 1-1 (as an exhibit to the notice of removal), starting at PDF p. 54, but for ease of reference, it also is separately filed at ECF No. 22-1 (as an exhibit to the Repole Declaration), with a tabbed Table of Contents.

County. (*Id*. ¶ 4.) On February 7, 2024, Waggeh was terminated for alleged falsification of certain leak investigation templates. (*Id*. ¶ 7.) She contended that she was given inadequate training and that she did not engage in any intentional misconduct. (*Id*. ¶ 9.)

The Union then filed a grievance under the CBA. (State Pet. ¶ 12.) On March 22, 2024, the Union sent a letter to ConEd stating that, in accordance with Article XII of the CBA, it sought to arbitrate Waggeh's grievance and stating that she was unjustly terminated in violation of Article XI of the CBA.[2] (*See* 3/22/24 Union Ltr., ECF No. 1-1 at PDF p. 103.) According to Waggeh, the Union's representation of her "was perfunctory and arbitrary." (*See* State Pet. ¶ 12.) Following three days of hearings, in December 2024 and March 2025, the arbitrator's award, dated August 8, 2025, upheld termination and denied Waggah's grievance. (*See* Arb. Op. & Award, ECF No. 1-1 at PDF p. 13; *see also* State Pet. ¶ 14.) Specifically, the arbitrator found that ConEd had reasonable cause to terminate Waggeh. (*See* Arb. Op. & Award, ECF No. 1-1 at PDF pp. 13, 25.)

On October 21, 2025, Waggeh filed a Verified Petition in New York Supreme Court against ConEd and the Union, as Respondents,[3] pursuant to N.Y. CPLR § 7511(b), to vacate the arbitration award. (*See* State Pet. ¶ 5.) Waggeh sought, among other things, reinstatement, back pay and attorneys' fees and costs under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"). (*See id*.)

---

[2] Article XI, Section 43, of the CBA states that "[t]he right and power to select and hire all employees, to suspend, discipline, demote or discharge them for reasonable cause . . . are recognized as vested exclusively in the [Employer]." (CBA at 50-51.) Article XVII, Section 47, of the CBA defines a grievance as "any controversy, dispute or difference arising out of the meaning or application of this Contract or affecting the relationship between any employee or the . . . Union and the Company." (*Id*. at 60.) Article XII of the CBA contains provisions regarding arbitration of grievances. (*See id*. at 65-68.)

[3] ConEd and the Union collectively are referred to herein as the "Respondents."

On November 25, 2025, the Verified Petition was served on ConEd. (Not. of Removal, ECF No. 1, ¶ 2.) On December 22, 2025, ConEd, Defendants filed a notice of removal in this Court. (*See* Not. Removal.)

On December 16, 2025, Waggeh filed the instant motion for remand. (*See* Pet.'s Not. of Mot.) On January 14, 2026, Waggeh's motion was referred to the undersigned for a report and recommendation. (Am. Order of Ref., ECF No. 20.) On January 16, 2026, ConEd filed its memorandum of law in opposition to Waggeh's motion, together with a Declaration. (ConEd Opp. Mem., ECF No. 21; Repole Decl., ECF No. 22.) On the same day, the Union filed a letter in opposition to the motion. (Union 1/16/26 Ltr., ECF No. 23.)

## DISCUSSION

### I.   Legal Standards

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citation omitted). "A civil claim filed in state court can only be removed to federal court if the district court would have had original jurisdiction to hear the claim." *Id*. (citing 28 U.S.C. § 1441(a)). "District courts have original jurisdiction over 'federal question' cases, or cases 'arising under the Constitution, laws, or treaties of the United States.'" *Arditi v. Lighthouse Int'l*, 676 F.3d 294, 298 (2d Cir. 2012) (quoting 28 U.S.C. § 1331).

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citation and some quotation marks omitted). "Under the 'well-pleaded complaint rule,' federal subject matter jurisdiction typically exists only 'when the plaintiff's well-pleaded complaint raises issues of

3

federal law,' and not simply when federal preemption might be invoked as a defense to liability." *Montefiore*, 642 F.3d at 327 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). "There is an exception, however, to the well-pleaded complaint rule. When a federal statute wholly displaces the state-law cause of action through complete [preemption], the state claim can be removed." *Id*. (citation, alteration and quotation marks omitted). This exception exists because "[w]hen the federal statute completely [preempts] the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Thus, if a plaintiff "raises . . . a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005) (footnote omitted).

Section 301 of LMRA is one of only three statutes that the Supreme Court has held possesses "the requisite extraordinary preemptive force to support complete preemption."[4] *Sullivan*, 424 F.3d at 272. Accordingly, for the Court to have subject-matter jurisdiction over this case, Petitioner's claims, brought under CPLR § 7511(b), must be completely preempted by Section 301 of the LMRA.

---

[4] Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

"Section 301 governs [1] claims founded directly on rights created by collective-bargaining agreements, and [2] claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal citation omitted). A plaintiff covered by a CBA may bring a claim "assert[ing] legal rights independent of that [CBA], including state-law contract rights," without triggering complete preemption under Section 301, "so long as the contract" underlying the claim "is not a [CBA]." *Id*. at 396 (emphasis and citation omitted). In other words, LMRA Section 301 does not preempt "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985); *see also Vera v. Saks & Co.*, 335 F.3d 109, 115 (2d Cir. 2003) (citing *Allis-Chalmers*). Likewise, "the need merely to 'consult' or 'refer' to the CBA does not trigger preemption." *Cooper Union Fed'n of Coll. Tchrs., Loc. 2163, NYSUT, AFT, AFL-CIO by Gleeson v. Cooper Union for Advancement of Sci. & Art*, No. 18-CV-05891 (VEC), 2019 WL 121000, at *2 (S.D.N.Y. Jan. 7, 2019) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994)). By contrast, "state-law rights and obligations that do not exist independently of private agreements" and "as a result can be waived or altered by agreement of private parties" are completely preempted by Section 301. *Allis-Chalmers*, 471 U.S. at 213.

## II.    Application

The Court finds that federal subject matter jurisdiction exists and that removal was proper for three independent reasons: (A) Petitioner's claims are founded directly on rights created by the CBA; (B) Petitioner's claims are substantially dependent on analysis of the CBA, and (C) Petitioner asserts a federal claim in the Petition.

### A.    Petitioner's Claims Are "Founded Directly On Rights" Created By The CBA

Under New York law,[5] "[a]n employer has the right to terminate employment at will at any time and for any reason or no reason, except as that right may have been limited by express agreement with the employee or in a collective bargaining agreement of which the employee is a beneficiary." *O'Connor v. Eastman Kodak Co.*, 65 N.Y.2d 724, 725, (1985). Here, Article XI of the CBA provides that ConEd had "[t]he right and power to select and hire all employees, to suspend, discipline, demote or discharge them for reasonable cause . . .." (CBA at 50-51.) The issue that was decided by the arbitrator in the award that Petitioner seeks to vacate in this action was whether ConEd had reasonable cause to terminate Petitioner's employment, and the arbitrator decided that ConEd had such cause. (*See* Arb. Op. & Award, ECF No. 1-1 at PDF pp. 13, 25.) Accordingly, Petitioner's claims are based on her right under the CBA to be terminated only for reasonable cause (in contrast to New York law, where she could have been terminated for any reason or no reason at all).

As the Court in *Salamea v. Macy's E., Inc.*, 426 F. Supp. 2d 149 (S.D.N.Y. 2006), explained in an analogous situation:

> If [plaintiff] was an at will employee, she could be terminated for any reason or no reason at all, and the defendants would have no duty to investigate her complaints and could rely upon even false supervisory statements for her termination. Therefore, if the defendants owed any duty of care to [plaintiff], that duty arose from the CBA's requirement that an employee not be terminated without just cause. Thus, this case is governed by *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), which found a purported state law action to be preempted by 301. As the Supreme Court explained in *Allis-Chalmers*, "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must

---

[5] The Court refers to New York law because Petitioner asserts that her Petition is "framed exclusively under New York state law." (Hardy Decl., ECF No. 13, at PDF p. 4 ¶ 6.)

be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. . . . *Id*. at 211, 105 S.Ct. 1904.

*Id*. at 154.[6]

Petitioner argues in her memorandum in support of her remand motion that her state law claims seeking vacatur of the arbitration award under CPLR § 7511(b) are based upon irrationality, disregard of evidence and prejudice from arbitrary union representation. (Pet.'s Mem.[7] at PDF p. 6.) The first two of these claims are founded directly on rights created by the CBA.[8] *See Collaku v. Temco Serv. Indus., Inc.*, No. 18-CV-04054 (VEC), 2019 WL 452052, at *4-5 (S.D.N.Y. Feb. 5, 2019) (finding that arbitrator's "alleged obligation to issue a rational decision based in evidence and reason . . . and [the] [p]etitioner's corresponding right to an arbitral award that [wa]s rational and based in evidence and reason . . . [was] a claim[ ] founded directly on rights created by a CBA," and thus was "completely preempted by § 301 of the LMRA"); *see also Smith v. Wartburg Adult Care Cmty.*, No. 18-CV-12240 (KMK), 2020 WL 777336, at *6 (S.D.N.Y. Feb. 18, 2020) (citing *Collaku*).

In her moving memorandum, Plaintiff asserts that the Supreme Court's decision in *Badgerow v. Walters*, 596 U.S. 1 (2022), argues against a finding of subject matter jurisdiction in

---

[6] The Court also notes that, in the Verified Petition, Petitioner cites to and relies upon a CBA provision relating to job security for technological changes. (*See* State Pet. ¶ 9.) Paragraph 9 of the Petition cites to Exhibit F, which is the CBA. The CBA has a section on "Job Security" relating to "technological changes . . . in the Company's business and operations." (CBA at 60.) Thus, this aspect of Petitioner's claims also is founded directly on the CBA.

[7] Petitioner's memorandum in support of her motion to remand is filed at PDF pages 6 to 14 of ECF No. 13.

[8] As set forth in Discussion Section II.C., *infra*, the third claim, which is based upon the Union's alleged breach of the duty of fair representation ("DFR") (*see* Hardy Decl., ECF No. 13 at PDF p. 4 ¶¶ 5-6; *see also* Pet.'s Mem. at PDF p. 6), arises under federal law.

7

this action. (*See* Pet.'s Mem. at 6.) In *Badgerow*, the Supreme Court held that Sections 9 and 10 of the Federal Arbitration Act ("FAA"), which provide the procedural mechanisms for a party to petition to confirm or vacate an arbitral award, do not create federal subject matter jurisdiction over such a petition and that a jurisdictional basis independent of the FAA must appear on "the face of the application itself" without "looking through" to the underlying dispute. *Badgerow*, 596 U.S. at 9. *Badgerow* is inapposite. *Badgerow* considered the text of Sections 9 and 10 of the FAA to determine whether those provisions allowed a court to premise jurisdiction on the underlying substantive dispute. In the present case, without applying the "look[] through" approach, the face of the Petition presents a jurisdictional basis independent from the FAA. That is, LMRA "Section 301 does specifically provide federal jurisdiction." *See Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Advanced Constr. Equip. Corp.*, No. 25-CV-02640 (JPO), 2025 WL 2922830, at *3 (S.D.N.Y. Oct. 15, 2025); *see also Trs. of New York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 601 (2d Cir. 2024) ("Section 301 of the LMRA provides jurisdiction over '[s]uits for violation of contracts between an employer and a labor organization[.]'" (quoting 29 U.S.C. § 185(a))). Thus, numerous courts have "held that *Badgerow* does not bar jurisdiction under Section 301." *Trs. of New York City Dist. Council of Carpenters Pension Fund*, 2025 WL 2922830, at *3 (citing cases).

Because Petitioner's state law claims are founded directly on rights in the CBA, those claims are preempted by LMRA Section 301. Thus, the Court has subject matter jurisdiction over the claims and Petitioner's motion to remand this action to state court should be denied.

B.    **Petitioner's Claims Are "Substantially Dependent On Analysis" Of The CBA**

Although the finding that Petitioner's claims are founded directly on rights in the CBA is sufficient to support preemption, the Court separately finds that Petitioner's claims are substantially dependent on an analysis of the CBA, which provides an additional basis for the existence of subject matter jurisdiction over Petitioner's claims. This case is analogous to *Smith*, 2020 WL 777336, at *6, where the Court held:

> [T]he heart of Plaintiff's claim is that the Arbitrator erred in his assessment of the evidence and ultimate finding that it supported Defendant's decision to terminate Plaintiff for cause, as required by the CBA. . . . Thus, determining the propriety of the Arbitrator's award will require the Court to interpret the meaning of "for cause" in the CBA, and analyze whether the evidence presented, or not presented, at the hearing was sufficient to support the Arbitrator's conclusion and application of the "for cause" standard in the CBA.

*Id*. (citations omitted). Thus, the *Smith* court found that the plaintiff's claims were completely preempted by LMRA Section 301, and denied plaintiff's motion to remand. *Id*. at *7.

In *Smith*, the Court was required to analyze the meaning of "for cause" in the CBA. *See id*. Here, the Court will be required to analyze the meaning of "reasonable cause," since the arbitrator found that ConEd had reasonable cause to terminate Petitioner. (*See* Arb. Op. & Award, ECF No. 1-1 at PDF pp. 13, 25.) Because Petitioner's claims are substantially dependent on analysis of the CBA, Petitioner's claims are completely preempted by LMRA Section 301, and Petitioner's motion to remand should be denied.

C.    **Petitioner Asserts A Federal Claim In Her Petition**

There is a third independent ground for subject matter jurisdiction in this case. That is, Petitioner brings a DFR claim (*see* State Pet. ¶ 5 (seeking "attorney's fees and costs under LMRA § 301 (Labor Management Relations Act of 1947 (LMRA), also known as the Taft-Hartley Act,

9

codified at 29 U.S.C. § 185) for the Union's DFR breach")), which is a claim that arises under federal law and confers federal question jurisdiction on this Court pursuant to 28 U.S.C. § 1331. *See Sullivan v. Gelb*, No. 23-CV-05194 (GHW), 2023 WL 8236682, at *8 (S.D.N.Y. Nov. 27, 2023) (citing *Waterman v. Transp. Workers' Union Loc. 100*, 8 F. Supp. 2d 363, 369 (S.D.N.Y. 1998) (noting that a "claim against the union for breach of the duty of fair representation arises under federal labor law and is hence a federal question claim within the meaning of 28 U.S.C. § 1331")).

Petitioner acknowledges the presence of the federal DFR claim in this action, but argues that such claim "is incidental and does not dominate the state law claims." (Pet.'s Mem. at PDF p. 6.) However, "the presence of even one claim arising under federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal [based on original jurisdiction]." *T & M Meat Fair, Inc. v. United Food & Com. Workers, Loc. 174, AFL-CIO*, 210 F. Supp. 2d 443, 448 (S.D.N.Y. 2002) (internal quotation marks omitted) (citing *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 386 (1998)).[9]

Accordingly, the Court has original jurisdiction over this action under 28 U.S.C. § 1331, and Petitioner's motion to remand should be denied.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that Petitioner's motion for remand be DENIED. If this recommendation is adopted, then Petitioner would not be entitled to the costs and expenses sought in her motion. (*See* Pet.'s Not. of Mot. at PDF p. 1.)

---

[9] In addition, upon removal, a court acquires supplemental jurisdiction over any state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Dated:      New York, New York
             January 26, 2026

**STEWART D. AARON**
**United States Magistrate Judge**

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1). Any requests for an extension of time for filing objections must be addressed to Judge Broderick.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).