UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                      :

Essa Waggeh,                        :
                                        :

                         Petitioner,    :
                                        :              25-CV-10258 (VSB) (SDA)

          - against -                :
                                        :                     **ORDER**

Utility Workers Union of America Local 1-2,   :
and Consolidated Edison Company of New     :
York, Inc.,                                  :
                                        :

                      Respondents. :
                                        :
------------------------------------------------------------ X

Appearances:

Gilbert Hardy, III
Edelman Krasin & Jaye, PLLC
Westbury, NY
*Counsel for Petitioner*

David M. Slutsky
Levy Ratner, P.C.
New York, NY
*Counsel for Utility Workers Union of America Local 1-2*

Christopher M. Repole
Nicholas A. Scotto
Jackson Lewis, P.C.
New York, NY
*Counsel for Consolidated Edison Company of New York, Inc.*

VERNON S. BRODERICK, United States District Judge:

       On December 11, 2025, Consolidated Edison Company of New York, Inc. ("ConEd")

filed a notice of removal from New York Supreme Court, County of New York.  (Doc. 1.)  On

December 16, 2025, Essa Waggeh ("Petitioner") filed a motion to remand this action to state

court.  (Doc. 13 ("Remand Motion").)  On January 14, 2026, I issued an Amended Order of

Reference, referring the matter to Magistrate Judge Stewart D. Aaron.  (Doc. 20.)  On January 16, 2026, ConEd filed an opposition to the Remand Motion.  (Docs. 21–22.)  On that same date, Utility Workers Union of America Local 1-2 ("Union," and together with ConEd, "Respondents") filed a letter requesting that Judge Aaron accept its letter as the Union's opposition to the Motion to Remand because its "arguments are identical to those asserted by" ConEd.  (Doc. 23.)  Petitioner did not file a reply in further support of the Remand Motion.  On January 26, 2026, Magistrate Judge Aaron issued a thorough 11-page Report and Recommendation, recommending that I deny Petitioner's Remand Motion.  (*See* Doc. 24 ("R&R") at 1.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and warned that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (R&R 11 (capitalization altered)), neither Petitioner nor Respondents filed an objection or requested additional time to do so.

I agree with Magistrate Judge Aaron's conclusion that (i) Petitioner's claims are founded directly on rights created by the 2024-2028 Collective Bargaining Agreement between ConEd

and Union, (Doc. 22-1 ("CBA")); (ii) Petitioner's claims are substantially dependent on analysis of the CBA; and (iii) Petitioner asserts a federal claim in the Petition.  (R&R 5–10.)  I have reviewed Magistrate Judge Aaron's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none.  I therefore ADOPT the Report and Recommendation in its entirety.

Therefore, Petitioner's Motion to Remand, (Doc. 13), is DENIED.  The Clerk of Court is respectfully directed to close the motion at Doc. 13.

SO ORDERED.

Dated: March 2, 2026
       New York, New York

Vernon S. Broderick
United States District Judge

3