**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Essa Waggeh,<br><br>                                   **Petitioner,**<br><br>         **-against-**<br><br>Utility Workers Union of America Local 1-2, et al.,<br><br>                                 **Respondents.** | **1:25-cv-10258 (SDA)**<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, the Court has pending before it Respondents' motions to dismiss the Verified Petition (ECF Nos. 31 & 34); and

WHEREAS, based upon a preliminary review of the memoranda of law filed by Petitioner in opposition to the motions (ECF Nos. 36 & 37), the Court is dismayed to learn that a number of the cases cited by Petitioner in those memoranda do not stand for the propositions for which they were cited[1] and appear to be hallucinations generated by an Artificial Intelligence large language model.

NOW, THEREFORE, it is hereby ORDERED, as follows:

1.      Petitioner's counsel shall conduct a careful review of each of the cases cited in his

        opposition memoranda (ECF Nos. 36 & 37) and shall, in a sworn Declaration filed

---

[1] For example, on page 9 of ECF No. 36, *Giraud v. MTA Metro-North R.R. Co.*, 2010 WL 931886, at *5 (S.D.N.Y. Mar. 12, 2010), which Petitioner stated "deni[ed] [a] Rule 12(b)(6) motion[,]" actually granted a Rule 12(b)(6) motion, and *Giraud* does not address termination for falsification of records, as Petitioner contends. In addition, as noted in the Union's reply memorandum (ECF No. 39 at 8), the three cases cited by Petitioner on PDF pages 10 and 11 of ECF No. 37 (*i.e.*, *Matter of Wright v. New York City Tr. Auth.*, 61 Misc. 3d 797, 803-04 (Sup. Ct. 2018); *Golston-Green v. City of New York*, 184 A.D.3d 24, 40-41 (2d Dep't 2020); *Sanders v. City of New York*, 200 F. Supp. 2d 404, 407 (S.D.N.Y. 2002)), do not contain the language quoted by Petitioner or refer to the asserted propositions. Indeed, as further noted in the Union's reply memorandum (ECF No. 39 at 9), the law appears to be contrary to that asserted by Petitioner.

no later than April 29, 2026, certify which of the cases are correctly cited and which are incorrectly cited.

2. Petitioner's counsel shall show cause in a writing filed on or before April 29, 2026, why sanctions should not be imposed upon him pursuant to Federal Rule of Civil Procedure 11.

**SO ORDERED.**

Dated:    New York, New York
          April 22, 2026

_____
STEWART D. AARON
United States Magistrate Judge

2